UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJX, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>6X7 NETWORKS, LLC, et al.,<br><br>            Defendants. | Case No. 21-cv-02398-SK<br><br>**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT**<br><br>Regarding Docket No. 21 |

Before the Court is a motion for default judgment against Defendants 6x7 Networks, LLC ("6x7 Networks") and Benjamin P.D. Cannon ("Cannon")[1] (collectively referred to as "Defendants"). The Court finds the motion suitable for disposition without oral argument and, thus, VACATES the hearing scheduled for October 4, 2021. *See* N.D. Civ. L.R. 7-1(b). Because Defendants have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this matter must be REASSIGNED to a district court judge. For the reasons set forth below, the Court RECOMMENDS DENYING the motion for default judgment filed by Plaintiff EDJX, Inc. ("Plaintiff").

Plaintiff's motion has several deficiencies. First, with respect to service, an individual may be served under California law "by delivering a copy of the summons and of the complaint to the person to be served." Cal. Code Civ. P. §415.10; *see also* Cal. Code Civ. P. §416.90. A corporation may be served by "delivering a copy of the summons and the complaint . . . [t]o the person designated as agent for service of process. . . ." Cal. Code Civ. Proc. § 416.10(a). California law provides for service of process upon an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Code Civ. P. §§ 416.90, 415.10. If, after reasonable diligence, the

---
[1] Plaintiff indicates that Cannon uses she/her pronouns.

summons and complaint cannot be personally delivered to the person to be served, either as the defendant or as the agent for service of process for a corporation, the person may be served by substitute service:

> by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b). However, before resorting to substitute service, California law requires that "a plaintiff must first make reasonably diligent (i.e., two or three) attempts at personal service." *Shaw v. Five M, LLC*, 2017 WL 747465, at *2 (N.D. Cal., Feb. 27, 2017) (citing *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1390 (1992)).

Plaintiff's proofs of service for both 6x7 Networks and Cannon indicate that they were served through substitute service by leaving a copy of the summons and complaint with John Doe, a resident or co-occupant of Cannon, both as an individual and as the agent for service of process of 6x7 Networks, at 5030 3rd Street in San Francisco, California and thereafter mailing a copy to that address. (Dkt. Nos. 9, 10.)[2] The process server left the documents with John Doe, a resident, for Cannon at 9:53 a.m. on April 16, 2021. (Dkt. No. 9.) The process server left the documents with John Doe, a co-occupant, for 6x7 Networks at 3:29 p.m. on April 14, 2021. (Dkt. No. 10.) On both proofs of service, the box stating that a declaration of diligence was attached stating the prior actions taken to attempt personal service was not checked. (Dkt. Nos. 9, 10.)

In the absence of any declaration demonstrating reasonable diligence through previous attempts at personal service at times Cannon was likely to be at the address, the Court finds that service on Cannon, both as an individual and as an agent for 6x7 Networks, was defective. Additionally, the proofs of service were defective because they fail to state that the process server

---

[2] Plaintiff only attached a copy of the proof of service of summons for 6x7 Networks in support of its motion for default judgment. (*See* Dkt. No. 22-7.)

informed John Doe, with whom the process server left the summons and complaint, of the contents of was delivered.  Moreover, the Court notes that Plaintiff does not explain whether the address at which it attempted service is a business or residential address.  Such information is helpful to evaluate whether Plaintiff's efforts to serve Defendants were sufficient.

Second, upon entry of default, the factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding party.  *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977).  The plaintiff must still demonstrate that the requested relief is appropriate and prove its entitlement to recover damages by testimony or written affidavit.  *Id.*; *Pepsico, Inc v. California Security Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems, Inc.,* 826 F.2d at 917-18.)

Plaintiff fails to show how it was damaged by both 6x7 Networks and Cannon in the amount specified in the proposed order.  Notably, Plaintiff does not even state the actual amount it is requesting in damages in the body of its motion or supporting declarations.  Plaintiff's Chief Executive Officer declares that Plaintiff paid all of the invoices from 6x7 Networks, which amounts to $36,074.  (Dkt. No. 22 (Declaration of John Cowan), ¶¶ 20, 22.)  However, this is more than the amount Plaintiff seeks in damages in its proposed order – $33,125.  (Dkt. No. 21-1.)  Also, the dates of the invoices attached do not match all of the dates which Plaintiff's CEO provides.  (*Compare* Dkt. No. 22, ¶ 20 *with* Dkt. No. 22, Ex. C.)

With respect to Plaintiff's request to treble its claimed damages as part of its claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1961, *et seq.*, Plaintiff does not sufficiently allege all of the required elements.  To a state a RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007).  Racketeering activities are also referred to as the "predicate acts."  *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  Plaintiff fails to sufficiently allege facts to show an enterprise or the predicate acts.  Without such facts, Plaintiff fails to show it is entitled to trebled damages under RICO.

With respect to its request for punitive damages, Plaintiff fails to show why it is entitled to

3

punitive damages and/or why the amount it seeks is an appropriate amount. Plaintiff also Plaintiff fails to show why Cannon, as opposed to 6x7 Network, should be held liable.

Third, Plaintiff's motion is deficient with respect to the request for attorneys' fees. Plaintiff's Counsel, Andrew Watters, seeks $10,000 plus one-sixth of Plaintiff's recovery. Counsel states that his rate of $400 is reasonable, but if he were to obtain one-sixth of the full recovery requested, his actual rate would be much higher. Counsel fails to demonstrate how his requested fees, taking into account his full recovery (if Plaintiff is able to obtain all its requested damages) would be reasonable.

Additionally, the Court has concerns about Counsel's representation of Plaintiff in this matter. In his declaration, Counsel states that he represented 6x7 Networks in the recent past. (Dkt. No. 23 (Declaration of Andrew Watters), ¶ 9.) Counsel does not provide the Court with sufficient information about Counsel's past representation of 6x7 Networks to evaluate whether Counsel's current representation of Plaintiff violates California's Rules of Professional Responsibility.

Therefore, the Court RECOMMENDS that the motion for default judgment be DENIED.

A party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.

**IT IS SO ORDERED**.

Dated: September 20, 2021

_____
SALLIE KIM
United States Magistrate Judge