1 | Andrew G. Watters (CA #237990)
2 | 555 Twin Dolphin Dr., Ste. 135
    Redwood City, CA 94065
3 | andrew@andrewwatters.com
    +1 (415) 261-8527
4 |
5 | Attorney for Plaintiff
    EDJX, Inc.

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJX, Inc., a Delaware Corporation, | Case no. 3:21-cv-02398-MMC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO ORDER TO SHOW CAUSE RE DISMISSAL REGARDING RICO CLAIM; DECLARATION OF ANDREW WATTERS** |
| v. | |
| 6x7 Networks, LLC, a California Limited Liability Company; Benjamin P.D. Cannon, an individual; Does 1-10, | |
| Defendants, | |

**INTRODUCTION**

Plaintiff respectfully believes it has properly pled a RICO claim here, and requests that this case not be dismissed.  In the alternative, leave to amend should be granted for Plaintiff to assert Diversity of Citizenship as well as a more robust RICO claim.

**PLAINTIFF PROPERLY PLED A RICO CLAIM HERE**

In order to establish a RICO violation, four basic elements must be proved: 1) a pattern of racketeering activity, 2) a culpable person with the requisite mens rea, 3) an enterprise, and 4) an effect on interstate commerce. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 154, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987). The plaintiff must also show harm caused by the defendant.

1) A Pattern of Racketeering Activity

Here, Plaintiff has properly pled the pattern of racketeering activity by alleging Defendants engaged in an enterprise akin to a Ponzi scheme, where Defendants would take new payments in from new customers to satisfy obligations to current customers.  Further, Congress has defined "racketeering" to include multiple instances of wire fraud, or committing fraud by mean of electronic transmissions over wire. The Defendants here engaged in multiple instances of wire fraud, including transmitting via interstate wire multiple fraudulent invoices, falsely claiming reimbursement for charges that were not actually paid by Defendants nor were ever agreed to be paid for by Plaintiff.  Defendants knew these reimbursement charges were false when they sent the invoices.  These acts were intended

to deprive Defendants of their money.  Second, Plaintiff has sufficiently pled extortion on the part of Defendants here by alleging Defendants threatened to shut off Plaintiff's internet services unless Plaintiff agreed to pay twice what the terms of the original contract called for. Therefore, Plaintiff has properly pleaded the element of a pattern of racketeering activity here.

    2) A Culpable Person With The Requisite Mens Rea

Plaintiff has properly pleaded the culpable person with requisite mens rea element here as well.  Section 1961(3) defines a culpable "person" as an "individual or entity capable of holding a legal or beneficial interest in property."  Here, Defendant Benjamin P.D. Cannon is an individual capable of holding a legal interest in property.  Secondly, Defendant 6x7 is or was legal entity capable of holding a legal interest in property.  Third, Defendants knew they were sending fraudulent invoices, intending that their customer wouldn't be sophisticated enough to notice the false charges and would pay Defendants for nonexistent fees or services never rendered. Therefore, Plaintiff has properly pleaded the element of a culpable person here.

    3) An Enterprise

    Plaintiff has properly pleaded the enterprise element here. Section 1961(4) defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity.  The enterprise here is, as pled, Defendants' fake telecom company.  Defendants have used the company as a ruse to attract unknowing customers and to exploit the fact

1 that many people, including Plaintiff's principals, simply do
2 not understand the telecom field or the business of telecom as
3 well as Defendants.  The enterprise was created and used as a
4 tool to effectuate Defendants' pattern of racketeering activity.
5 Therefore, Plaintiff has properly pleaded the element of an
6 enterprise here.
7     4) An Effect on Interstate Commerce
8     Plaintiff has properly pleaded the effect on interstate
9 commerce element as well. Defendants have caused to be
10 transmitted via interstate wire multiple fraudulent invoices.  At
11 least nine separate invoices were sent from California to North
12 Carolina (where Plaintiff is based) over the course of a year.
13 The use of interstate wire here was in furtherance of Defendant's
14 racketeering activity and enterprise. Therefore, Plaintiff has
15 properly pleaded the element of effect on interstate commerce
16 here.
17     Plaintiff's Harm
18     Finally, Plaintiff has been directly harmed by Defendants'
19 conduct. Plaintiff has paid Defendants for fraudulent and
20 nonexistent charges as well as been subject to Defendants
21 extortion here. Therefore, Plaintiff has shown concrete harm to
22 them caused by Defendants' conduct here.

## LEAVE TO AMEND

24     In the event the Court believes the claims under RICO were
25 not properly pled, Plaintiff respectfully requests leave to amend
26 the Complaint to more carefully plead RICO.  Plaintiff believes
27 it can add sufficient facts address this Court's concerns and
28 to properly plead a RICO claim in the event they are allowed to

amend the Complaint.  In addition, Plaintiff points out that diversity of citizenship between the parties in this matter allows for this Court to hear the case even if the RICO claim is dismissed.  Plaintiff EDJX, Inc. is a Delaware corporation with its principal place of business in North Carolina.  Meanwhile, Defendant Cannon is a California resident and resides in San Francisco, California.  Defendant 6x7 is a business entity of unknown form that is based in California, transacts business in California, and is deemed a resident thereof.  The amount in controversy exceeds $75,000 as well.  Because there is diversity of citizenship and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction to hear the claim even without the RICO claim.

## CONCLUSION

Plaintiff believes it has properly pled the RICO claims and this case should not be dismissed.  In the event it has not properly pled RICO to the Court's satisfaction, Plaintiff seeks leave to amend the Complaint to address the concerns and re-allege RICO more carefully.  In the event Plaintiff is not granted leave to amend, Plaintiff requests the Court find that it has subject matter jurisdiction to hear this case as there is diversity of citizenship and the amount in controversy exceeds $75,000.

Date: March 31, 2022

*Andrew G. Watters*
Andrew G. Watters, Esq.
Attorney for Plaintiff

**DECLARATION OF ANDREW G. WATTERS**

1.   I am the attorney of record for Plaintiff.  I am

1 over the age of eighteen years and I have personal knowledge
2 of the matters stated herein.  If called as a witness, I would
3 competently attest thereto.

4     2.   The action was filed as a Federal Question, however,
5 an additional basis for subject matter jurisdiction is Diversity
6 of Citizenship.  EDJX, Inc. is a Delaware Corporation whose
7 principal place of business is in North Carolina.  The claim is
8 for greater than $75,000.00.  Defendants are a natural person
9 who resides in California and her Delaware LLC whose principal
10 place of business is in California.  The complaint can be amended
11 to assert Diversity of Citizenship as the basis for Federal
12 jurisdiction, even if the RICO claim is dismissed.

13     3.   On the merits, the RICO claim seems adequate, however,
14 it can be amended to assert more details of the Enterprise and
15 the other elements called for by the RICO law.  The current
16 iteration of the complaint stems from my unfamiliarity with the
17 RICO law and what I thought was an adequate set of allegations.

18     I declare under penalty of perjury under the laws of the
19 State of California that the foregoing is true and correct.

21 Date: May 13, 2022      *Andrew G. Watters*
                          _____
                               Andrew G. Watters