Andrew G. Watters (#237990)
555 Twin Dolphin Drive, Ste. 135
Redwood City, CA 94065
(415) 261-8527
andrew@andrewwatters.com

Attorney for Plaintiff
EDJX, Inc.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJX, INC. a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>6x7 NETWORKS, LLC, a California limited liability company; BENJAMIN P.D. CANNON, an individual; DOES 1-10,<br><br>    Defendants. | Case No.: 3:21-cv-02398-MMC<br><br>PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND VIA SUBSTITUTE SERVICE<br><br>Date: August 26, 2022<br>Time: 9:00am<br>Place: 450 Golden Gate Ave., 19th Fl. Courtroom 7<br>San Francisco, CA 94102<br>The Honorable Maxine M. Chesney |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 26, 2022 at 9 a.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Northern District of California located at located 450 Golden Gate Ave., 19th Fl., Courtroom 7, San Francisco, CA 94102, the Honorable Maxine M. Chesney presiding, Plaintiff EDJX, Inc. will move the Court for an order allowing the service of the Complaint against Defendant 6x7 Networks, LLC via publication, with the additional option for of substitute service on the California Secretary of State.

This motion is made pursuant to Fed. Rules of Civ. Proc. 4(e)(1) and Cal. Code of Civil Procedure § 415.50 on the grounds that Plaintiff has used reasonable diligence in attempting to serve Defendants by all other means available, but has been unable to do so due to Defendant's evasion of service. Defendant has vanished from the internet. Accordingly, service by publication on the Defendants is necessary and appropriate under the rules and State law. The option of substitute service is requested under Corporations Code sec. 1702, which permits the Secretary of State to be served in the event the agent for service cannot be served through reasonable diligence.

The motion is based upon this Notice of motion, the Memorandum of Points and Authorities, the Declaration of Plaintiff, the pleadings on file with the court, and any oral argument of counsel at the hearing.

Dated: July 22, 2022

*Andrew G. Watters*
Andrew G. Watters, Esq.
Attorney for Plaintiff EDJX, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Despite using reasonable and diligent efforts, Plaintiff has been unable to serve Defendants despite evidence of their location. As a result, Plaintiff seeks to serve Defendants via

publication under State law, as authorized by Rule 4(e)(1), as well as substitute service by serving the California Secretary of State, as permitted by law.

**STATEMENT OF FACTS**

On April 2, 2021, Plaintiff filed a complaint which alleges several causes of action including: 1) Fraud; 2) Breach of the Covenant of Good Faith and Fair Dealing; 3) Extortion; 4) Wire Fraud and Racketeering; 5) Breach of Contract; 6) Declaratory Relief (Rescission); and 7) Unfair Competition against Defendants. (Declaration of Andrew Watters ¶3).

Over the last nine months Attorney Andrew Watters has personally attempted service four times, and process servers have attempted service at least nine times-- all at valid addresses or locations for Ms. Cannon and 6x7 Networks, LLC. (Watters Dec. at ¶7). The sole reason the service has not occurred is that Defendant Benjamin P.D. Cannon ("Ms. Cannon"), who is also the agent for service of process of Defendant 6x7 Networks, does not answer the door at home-- and also has repeatedly no-showed for proceedings she and 6x7 were obligated to attend-- sometimes after confirming that she would be attending those proceedings and then flaking.

Ms. Cannon and 6x7 Networks, LLC were served via seemingly valid substitute service on their employee Chris Kuiper on April 14, 2021. Chris was the on-site manager of the facility, and he seemed like the appropriate person to serve. However, the Magistrate Judge did not accept this because Ms. Cannon may not have been present at that time (she never answers the door, so this was not surprising). (Watters Dec. at ¶9).

Over the following several months, Plaintiff's counsel proceeded with this matter assuming service had been valid. After the Magistrate Judge's report was issued, Plaintiff's attorney started re-attempting service due to her Honor's concerns. (Watters Dec. at ¶10). Mr.

3
PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND VIA SUBSTITUTE SERVICE

Watters attempted to serve Ms. Cannon and 6x7 at locations that were known and dates and times where she had to be present or suffer legal consequences. (Watters Dec. at ¶11).

For example, on November 4, 2021, Ms. Cannon's company 6x7 Networks was evicted from the ground floor retail space where it and Ms. Cannon had been squatting, pursuant to the property owner's unlawful detainer judgment in San Francisco Superior Court. Mr. Watters personally attended the eviction and looked for Ms. Cannon throughout the building that she has previously claimed is her residence. She wasn't there, however, she did call into the "Ring" doorbell from another location and was telling everyone how it was illegal for them to enforce the unlawful detainer judgment. Mr. Watters asked the employee who had previously been served, Chris Kuiper, where Ben was, and Chris said he didn't know. (Watters Dec. at ¶12).

Between November 2021 and March 2022, Mr. Watters emailed Ms. Cannon's attorney Daniel Berko, Esq. and asked him to accept service of these papers. Mr. Watters attached the papers. There was no response. So Ms. Cannon and 6x7 are aware of this case, just not physically served. (Watters Dec. at ¶13).

On March 14, 2022, Ms. Cannon had promised the property owner that she would be viewing her property in storage following the removal of equipment on the unlawful detainer. The appointment was set for 1 p.m. in San Carlos, near Mr. Watters's office. Mr. Watters drove over to the storage facility at the appointed time, only to find when he arrived at the storage facility that Ms. Cannon had notified the property owner that she would not be coming after all. (Watters Dec. at ¶14). This happened at least one other time when Defendant Cannon flaked on the property owner. (Id at ¶14). Defendant Cannon is reportedly being pursued by PG&E for power theft due to the illegal power tap in her facility, as well as multiple process servers, so this

may explain why she is avoiding public appearances and has no driver's license. (Watters Dec. at ¶15).

On March 28, 2022, Mr. Watters had a trial call in Mr. Watters' personal lawsuit against Ms. Cannon for fraud in San Francisco Superior Court. Mr. Watters brought the papers in this case in order to serve them on Ms. Cannon, making the reasonable judgment that Ms. Cannon would show up considering that the consequence of failing to appear at trial call is a default prove-up hearing/judgment. Ms. Cannon did not show up, and the Court decided to continue the trial without penalty so that Ms. Cannon's counsel could file a motion to withdraw.

6x7 Networks, LLC is currently "FTB Forfeited" with the Secretary of State, meaning it cannot defend this case in any event. (Watters Dec. at ¶17). Recent video, on March 14, 2022, of Ms. Cannon at her residence taken by a neighbor, shows Ms. Cannon to still be residing at the San Francisco address. (Watters Dec. at ¶18). Since that video was taken there have been at least three more attempts at service, and on each occasion, the residence appears occupied, but no one answers the door. (Id at ¶18).

6x7 Networks, LLC has no online presence to contact the company, nor find contact information for an agent for process. Their website is defunct and nonexistent. A search for their website is a dead end. Links from tech reporting websites, such as Crunchbase, solely come up with a dead link for 6x7 Networks. There are no longer valid email addresses for the company. Attempts to contact formerly valid email addresses only come back with failure due to nonexistence.  There is simply no way to contact the company. (Watters Dec. at ¶19). For these reasons, substituted service on the Secretary of State, as authorized by Corporations Code sec. 1702 is appropriate.

Plaintiff has attempted to serve Defendants at the known address of 5030 3rd Street, San Francisco, CA 94124 at least ten times. While Plaintiff has been able to serve Defendant Cannon in her individual capacity, they have been unable to do so in her capacity as Agent for Service of Process for 6x7 Networks, LLC. Despite diligent efforts to serve, Defendant has refused service and has been unwilling to answer the door in an effort to avoid service. Defendant Cannon is known to still be recently at the known address. Defendant Cannon is the registered agent for process of 6x7 Networks, LLC. The diligence of the process servers has been for naught. It has been unreasonably difficult to serve Ms. Cannon. For this reason, Plaintiff seeks to avail of service by publication as found in Code of Civil Procedure § 415.50 and § 6064 of the Government Code to serve upon Defendants the papers in this matter. Publication should occur in a newspaper of general circulation in San Francisco, with the additional option of serving via substituted service on the Secretary of State, as authorized by Corporations Code sec. 1702.

## II.   LEGAL ARGUMENT

### A.  Legal Standard

Rule 4(e)(1) provides for service in accordance with State law. State law permits service by publication; Code of Civil Procedure section 415.50(a) sets forth:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action [or] (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property. Code Civ. Proc. § 415.50(a).

Reasonable diligence entails a thorough, systematic investigation and inquiry conducted in good faith by the party or the party's agent or attorney. *Dusenbery v. United States*, 534 U.S.

161, 162. "Diligence is a relative term and must be determined by the circumstances of each case." *Vorburg v. Vorburg* (1941), 18 Cal.2d 794, 797. Generally, "[t]he term 'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his attorney." Code Civ. Proc. § 415.50 (Judicial Council Comment). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property in the assessor's office, near the defendant's last known location, are generally sufficient." (internal citations and quotations omitted) *Kott v. Superior Court,* 45 Cal.App.4th 1126, 1137-38, 53 Cal. Rptr. 2d 215 (1996).

If the plaintiff is unable to serve the defendant via traditional means after such a search, then service via publication is appropriate:

> [T]he governing statutes afford the plaintiff a variety of means by which to effect service upon the defendant. Service may be accomplished by means of personal delivery of the summons and complaint to a party (§ 415.10), by delivery to the business office or dwelling of certain classes of parties (§ 415.20), 416.10-90), by mailing (with an acknowledgement of receipt) to a party (§ 415.30), or, if a party is out of state, by any of the preceding means or by first class mailing, requiring a return receipt (§415.40). Finally, if service upon a party by these enumerated means proves impossible, service may be effected through publication, which must be authorized by court order. (§415.50).

*Giorgio v. Synergy Management Group, LLC* (2014), 231 Cal. App. 4th 241, 248 (quoting *Watts v. Crawford* (1995) 10 Cal.4th 743, 748).

If the court approves service via publication, it shall order that the summons be published in a California newspaper that is most likely to give actual notice to the party being served. *See* Code Civ. Proc. § 415.50(b). Unless the court orders a longer publication period, publication is to be made as provided by Government Code Section 6064, which requires that publication shall be made once a week for four consecutive weeks. *See Id.*; Government Code Section 6064.

Service is deemed to be complete at the end of the publication period. *See* Code Civ. Proc. § 415.50(b).

**B. The Court Should Order Publication in the San Francisco Daily Journal or San Francisco Examiner, which are Certified by the San Francisco Superior Court**

California Code of Civil Procedure section 415.50(b) provides as follows with respect to the manner of publication of service:

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Code Civ. Proc. § 415.50(b).

The *San Francisco Examiner* and *San Francisco Daily Journal* are newspapers of general circulation that offer the service of placing legal notices and will file proof of publication. The newspapers are certified by the State court in this jurisdiction as valid for serving legal notices, as shown in the Exhibit attached to Mr. Watters's declaration from the San Francisco Superior Court website. Defendants reside in San Francisco. See *Giorgio*, supra, 231 Cal. App. 4th at 249 (holding that Los Angeles Daily Journal was an appropriate newspaper for service by publication on defendant located in Los Angeles). The Defendants are also most likely be notified in San Francisco because, as raised in the Mr. Watters's Declaration, Defendant Cannon is believed to be in San Francisco due to the recent video of Defendant Cannon at her known address, which is also the address for 6x7 Networks. (Watters Dec ¶) Defendant Cannon is the registered agent for

service of process for 6x7 Networks, LLC. There has been no update to the company regarding Agent for Service of Process other than Ms. Cannon. Efforts to reach her have been futile. As such, the proposed newspaper is appropriate for the purpose of service via publication. Plaintiff should have the option of either newspaper, which are substantially equivalent-- whichever is available and practicable.

### C. Service by Substitute Service on the Secretary of State for 6x7 Networks, LLC

Cal. Corp. Code sec. 1702 provides, in pertinent part:

> If an agent for the purpose of service of process . . . cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a),(b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Corp. Code sec. 1702(a).

6x7 Networks, LLC is registered to do business in California but is FTB Forfeited and therefore cannot defend the action in any event. Further, 6x7 Networks has zero online presence. Basic searches come up with zero hits for a company website. There are no valid email addresses to contact the company. The company's online presence has simply vanished. Efforts to contact them online have failed due to their disappearance. There is no contact information for them anymore. Plaintiff should therefore have the option of substitute service on the Secretary of State in addition to publication.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant the Motion for Service by Publication and Via Substitute Service. Plaintiff's proposed *Order* is provided.

Dated: July 22, 2022

Respectfully Submitted,

*Andrew G. Watters*
Andrew G. Watters, Esq.
Attorney for Plaintiff EDJX, Inc.