ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
M. Cris Armenta (State Bar No. 177403)
  carmenta@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants Lady Benjamin P.D. Cannon and 6x7 Networks, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EDJX, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>6x7 NETWORKS, LLC, a California Limited Liability Company; BENJAMIN P.D. CANNON, an individual; Does 1-10,<br><br>Defendants. | Case No. 3:21-CV-02398-MMC<br><br>The Hon. Maxine M. Chesney<br><br>*[Filed Concurrently with [Declaration of A. Cris Armenta]*<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT; DECLARATION OF M. CRIS ARMENTA**<br><br><u>Hearing Information</u><br>Date: June 9, 2023<br>Time: 9:00 a.m.<br>Place: San Francisco Courthouse, Courtroom 8 – 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102 |

**TO PLAINTIFF AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT ON June 9, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Courtroom 7 (the Hon. Maxine M. Chesney, presiding), of the San Francisco Courthouse, Courtroom 8 – 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Lady Benjamin P.D. Cannon and 6x7 Networks, LLC ("Defendants") will and hereby do respectfully move this Honorable Court for an order setting aside the Clerk's entry of defaults against both Defendants on the grounds that good cause exists to do so. According to sworn declaration by Plaintiff's counsel, Cannon, the sole member of 6x7, was incapacitated from service. 6x7 was also a corporation that had been suspended and the revivor of the corporation was not issued until after the service of the Summons, disabling 6x7 from entering an appearance in its defense. Cannon has retained counsel on other matters, and is prepared to defend this case on its merits, after it files a Motion to Disqualify Plaintiff's counsel, who was 67x's former General Counsel, and who also neglected to advise this Court that he has taken the position in federal court filings and in sworn declaration that she is not capable.

The Motion is based upon this notice of motion and motion, the Memorandum of Points and Authorities filed in support, the declarations of Lady Benjamin PD Cannon, Andrew Watters and M. Cris Armenta, the pleadings, papers and records on file herein, and upon any further or additional evidence and/or arguments that may be submitted or adduced at or before any hearing on the Motion.

DATED: May 12, 2023

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
M. Cris Armenta

By: */s/ M. Cris Armenta*
M. Cris Armenta
Attorneys for Defendants Lady Benjamin P.D. Cannon and 6x7 Networks, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND

The initial Complaint April 21, 2021, as against Defendants Lady Benjamin PD Cannon ("Cannon") and 6x7 LLC ("6x7" and collectively, "Defendants").  After purporting to have served Defendants, Plaintiff filed a Motion for Default.  The Magistrate recommended denial of the Motion for Default Judgment on September 20, 2021 [Dckt. 24].  Service on each Cannon and 6x7 was noted as defective because they did not contain any declaration of diligence, prior to attempting to effect substitute service [Dckt. 24 at 2:14-21].  Further, the Magistrate also noted concerns about representation of the Plaintiff by Andrew Watters, who stated that he had represented 6x7 in the recent past. [Dckt. 24 at 4:9-12]  On April 22, 2022, the court ordered Plaintiff to show cause why the case should not be dismissed for failure to state a claim.  [Dckt. 33].  Plaintiff filed a response to the Order to Show Cause on May 13, 2022, but did not address the Magistrate's noted concerns about the inherent conflict in representation.  [Dckt. 35]

The Complaint was thereafter dismissed on May 24, 2022, with leave to amend. [Dckt. 33].  Plaintiff filed an amended complaint on June 17, 2022. [Dckt. 38].  The Amended Complaint contains exhibits that are stamped "Confidential Trade Secret."  [Dckt. 38, p. 36]. Plaintiff was given specific directions about how to serve the amended complaint.  [Dckt. 40]  One month later, Plaintiff filed a Certificate of Service, claiming that the Amended Complaint was served by mail on "Benjamin P.D. Cannon" at the Third Street Address. [Dckt. 42].  Plaintiff never corrected the defect pointed out by the Magistrate, that the initial service of the Summons and Complaint on Cannon was defective, and instead only mail-served the Amended Complaint. [Dckt. 42].

On August 3, 2022, the Court entered an order ("August 3 Order"), ruling that Plaintiff had failed to comply with its July 5 Order, and ordering Plaintiff to show cause why it could not serve 6x7 through "an individual other than its agent for service of process, and why it cannot leave the summons and copy of the operative complaint at any of 6x7 office addresses, other than one EDJX has unsuccessfully attempted to access, and thereafter mail a copy of those documents to 6x7 Networks." [Dckt. 44 (citations omitted)]  On August 12, 2022, Plaintiff filed a Case

1  Management Statement, and did not address the service issue, nor respond to the Court's August 3
2  Order. [Dckt 45]. On August 18, 2022, Plaintiff's counsel filed a Supplemental Motion to serve
3  6x7 via publication, and claimed that Cannon was the only person who could be served, but that
4  Cannon was evading service at the Third Street Address. [Dckt. 47].

5        On August 23, 2022, the Court granted Plaintiff leave to serve Cannon via publication.
6  [Dckt 44]. On August 30, 2022, the Court granted Plaintiff leave to serve 6X7 via publication,
7  requiring Plaintiff to either serve the Secretary of State or to serve via publication. [Dckt. 48]
8  Plaintiff was ordered to file the Proof of Service no later than October 28, 2022 [Dckt. 48]
9  Plaintiff filed a Proof of Service on October 13, 2022, purporting to have served 6x7 through
10  service on the Secretary of State on October 7, 2022. [Dckt 49]

11        On November 21, 2022, the corporate status of 6x7 was revived by the California
12  Secretary of State. (Armenta Decl. ¶ 2, Ex. A.) The corporate status of the entity had been
13  suspended since February 1, 2022. (Cannon Declaration ¶¶ 5-7.) Cannon has participated and
14  defended other litigation, including for 6x7. (Armenta Decl. ¶¶ 2- 6.) For instance, in a case
15  called *6x7 Networks LLC v. SUDO Security Group, Inc*., Cannon is represented by counsel, Lewis
16  Brisbois Bisgaard & Smith. (Armenta Decl. ¶ 3.) In a case pending in the Delaware Court of
17  Chancery, Cannon is represented by Ellis George Cipollone of Los Angeles, and Faegre Drinker
18  of Delaware. (Armenta Decl. ¶ 3.) M. Cris Armenta is now entering an appearance on behalf of
19  Defendants and prepared to defend this case on the merits.

20        In yet another litigation pending in San Francisco Superior Court, counsel Ms. Armenta
21  recently tried a case on behalf of Ms. Cannon. (Armenta Decl. ¶¶ 4-5.) Mr. Watters, counsel here
22  for EDJX, was the actual Plaintiff in that action, notwithstanding his testimony that he previously
23  represented 6x7 as its General Counsel. (Armenta Decl. ¶ 4). During that trial, Mr. Watters
24  offered testimony, under oath, that he was a client of 6x7, that he was engaged as its General
25  Counsel, and that he obtained a Power of Attorney to act on behalf of Cannon during a time that
26  she was hospitalized and unable to attend to business. (Armenta Decl. ¶ 4.) Mr. Watters has filed
27  numerous lawsuits against his own former client, 6x7, and while at least one court has commented
28  on it, it appears that no counsel has directly addressed this issue with any court with the

forcefulness this issue deserves. (Armenta Decl. ¶ 6.)

If the defaults are set aside, Cannon and 6x7 intend to file a Motion for Disqualification of Mr. Watters. (Armenta Decl. ¶ 7). Mr. Watters appears to be making the rounds and finding anyone affiliated with Cannon and filing suit against her, as a result of some non-specific agenda arising from his former employment as 6x7's General Counsel and her transgender status. (Armenta Decl. ¶¶ 2-6). For instance, during trial in San Francisco, Mr. Watters attempted to serve process on Cannon for yet another case on which he is counsel on a case against her, and the trial court admonished Mr. Watters from doing so. (Armenta Decl. ¶4.) Mr. Watters even maintains a blog on his law firm site, with scandalous and libelous statements about Cannon. (Armenta Decl. ¶ 5) Present counsel apparently even made the "Wall of Shame," immediately after the trial in San Francisco. (Armenta Decl. ¶ 5.) To stay that counsel does not believe the veracity of Mr. Watters' various proofs of service and representations to this Court would be a vast understatement. (Armenta Decl. ¶ 5.)

On April 5, 2023, in yet another case, Mr. Waters filed an Ex Parte Application for Guardian Ad Litem, claiming that he should take control over litigation "based on her incapacitation." (Armenta Decl. 6 & Ex. C.) As further cringe-worthy, if not outrageous conduct, Mr. Watters declares that Ms. Cannon's legal name is not her legal name, evidencing his apparently fixation with her transgender status. (*Id.* at 1.) Mr. Watters conduct is revolting and not consistent with the high standards demanded of officers of the Court. This lapses of ethics can only be addressed with a robust defense on the merits, which Defendants are prepared to mount. (Armenta Decl. ¶ 6.) Counsel believes that vacating the default and granting Defendants Cannon and 6x7 leave to file a responsive pleading, for 21 days, would provide sufficient time for counsel to assess the situation, the claims, Cannon's ability to participate in the litigation, and hire additional counsel if needed. In addition, unless Mr. Watters voluntarily withdraws (which is highly unlikely, given the multiple litigations he has filed against Cannon), then the Court will receive a Motion to Disqualify. (Armenta Decl. ¶ 7.)

On the merits, Defendants are prepared to defend on the basis that EDJX contracted for service, and that those services provided to EDJX to their full satisfaction. In addition, our

1  investigation reveals that the EDJX contract was signed during the time period that Attorney
2  Watters served as General Counsel to 6x7. (Armenta Decl. ¶ 8.)

3  **II.    STANDARD**

4  The district court may set aside the entry of default for good cause, including for other
5  good reasons.  Fed.R.Civ. Proc. 60(b)(1).  Where the clerk's default has been entered, and not a
6  judgment, the set aside standards, are somewhat more lenient. The factors include whether the
7  default was willful, whether prejudice would occur, and whether a meritorious defense is
8  presented.  Bricklayers & Allied Craftworkers Local 3.  Every defense or objection, including a
9  challenge to process, may be raised by a motion to dismiss.  Fed.R.Civ. Proc. 12(b).  The court has
10 the power to dismiss a case sua sponte, Fed. R. Civ. Proc. 41, including for failure to prosecute
11 diligently.  Where the defendant operates under a mistake, the entry of default may be set aside.
12 *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir, 1999).  Where a
13 corporation is suspended by the Secretary of State, it cannot participate in litigation.  Cal. Rev. &
14 T. Code 23301.  Any action taken by a corporation would be an unauthorized act.  *Id.*  Sanctions
15 may be imposed against counsel who acts on behalf of a corporation it knows to be suspended.
16 *Palm Valley Homeowners Ass'n v. Design MTC*, 85 Cal.App.4th 553 (2000).

17 **III.   ARGUMENT**

18 The interest of justice and the integrity of the judicial system suggests that the defaults may
19 be asset aside so that Cannon and 6x7 can not only respond on the merits, but bring serious issues
20 of litigation abuse and the conflict of Plaintiff's counsel to the Court's attention.  Plaintiff has
21 sought defaults against a party, and an entity of which the only member, is, by Plaintiff counsel's
22 own admissions, "incapacitated."  The incapacitation was so severe, according to Plaintiff's
23 counsel, that he sought an order to be appointed her guardian ad litem. Further, Plaintiff failed to
24 provide the Court with material and salient information: (1) that he was previously General
25 Counsel to the defendant, 6 x7; (2) that he holds or held a Power of Attorney, as a result of
26 Plaintiff's incapacity; (3) that he has filed multiple cases against Cannon,; (4) that he has declared
27 under the penalty of perjury that Cannon is not of sound mind.  Nevertheless, Watters, apparently
28 a fan of compartmentalization, has requested that this Court enter a default against such an

allegedly incapacitated party.  Cannon and 6x7 hereby request that the Court exercise all available discretion, set aside the defaults, and provide Defendants with thirty days to respond to the Amended Complaint.  Counsel will appear for both Cannon and for 6x7, is admitted to practice before this Court, and is in direct contact with Cannon and available to represent both her and 6x7. Perhaps counsel will again gain a spot on Mr. Watters's "Wall of Shame," or perhaps the Court may earn its own cameo appearance.

**IV.     CONCLUSION**

Based on the foregoing, Cannon and 6X7 respectfully request that the Court set aside the defaults against them and permit them to respond to the Amended Complaint.

DATED:  May 12, 2023                ELLIS GEORGE CIPOLLONE
                                    O'BRIEN ANNAGUEY LLP
                                        M. Cris Armenta


                                    By:     */s/ M. Cris Armenta*
                                                M. Cris Armenta
                                    Attorneys for Defendants Lady Benjamin P.D. Cannon
                                    and 6x7 Networks, LLC

**PROOF OF SERVICE**

**EDJX, Inc. v. 6x7 Networks, LLC; Benjamin P.D., et al.
Case No. 3:21-cv-02398-MMC (USDC-Northern)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, 30th Floor, Los Angeles, CA 90067.

On May 12, 2023, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** On May 12, 2023, I caused a copy of the document(s) to be sent from e-mail address jberk@egcfirm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2023, at Los Angeles, California.

Jeremy D. Berk

**SERVICE LIST**
**EDJX, Inc. v. 6x7 Networks, LLC; Benjamin P.D., et al.**
**Case No. 3:21-cv-02398-MMC (USDC-Northern)**

| | |
|---|---|
| Andrew G. Watters, Esq.<br>555 Twin Dolphin Drive, Suite135<br>Redwood City, CA 94065-2139<br>Tel: (415) 261-8527<br>Email: andrew@andrewwatters.com | Attorneys for Plaintiff EDJX, Inc., a Delaware Corporation |