ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
M. Cris Armenta (State Bar No. 177403)
 carmenta@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants Benjamin P.D. Cannon
and 6x7 Networks, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EDJX, Inc., a Delaware Corporation,<br><br>              Plaintiff,<br><br>        vs.<br><br>6x7 NETWORKS, LLC, a California Limited Liability Company; BENJAMIN P.D. CANNON, an individual; Does 1-10,<br><br>              Defendants. | Case No. 3:21-cv-02398-MMC<br><br>The Hon. Maxine M. Chesney<br><br>**DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT**<br><br>*[Filed Concurrently with [Notice of Motion and Motion to Set Aside Clerk's Entry of Default Judgment]*<br><br>Trial Date:  None Set |

DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET
ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT

### <u>DECLARATION OF A. CRIS ARMENTA</u>

I, M. Cris Armenta, declare and state as follows:

1.     I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California, with the firm of Ellis George Cipollone O'Brien Annaguey LLP ("EGC"), counsel of record for Defendants Benjamin P.D. Cannon and 6x7 Networks, LLC (collectively herein, "Defendants") in this matter.  I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2.     On November 21, 2022, the corporate status of 6x7 was revived by the California Secretary of State.  Attached as Exhibit A is a true and correct copy of the certificate received from the CPA who handled the revivor.  Attached as Exhibit B is a declaration signed by Ms. Cannon which recounts the efforts at that time to revive the corporate status of 6x7.

3.     Cannon has participated and defended other litigation, including for 6x7.  In *6x7 Networks LLC v. SUDO Security Group, Inc.*, Cannon is represented by counsel, Lewis Brisbois Bisgaard & Smith.  In a case pending in the Delaware Court of Chancery, Cannon is represented by Ellis George Cippollone of Los Angeles, and Faegre Drinker of Delaware.

4.     In yet another litigation pending in San Francisco Superior Court in which Mr. Watters himself is the Plaintiff, I represented Ms. Cannon last month in trial.  Mr. Watters, counsel here for EDJC, was the actual Plaintiff in that action, notwithstanding his testimony that he previously represented 6x7 as its General Counsel.  During that trial, Mr. Watters offered testimony, under oath, that he was a client of 6x7, that he was engaged as its General Counsel, and that he obtained a Power of Attorney to act on behalf of Cannon during a time that she was hospitalized and unable to attend to business.  Mr. Watters represented that he did not leave the employ of 6x7 until the end of July of 2020, a date after the EDXJ-6x7 contracts (which are attached to the Complaint) were executed.  Mr. Watters appears to be making the rounds and finding anyone affiliated with Cannon and filing suit against her, as a result of some non-specific agenda arising from his former employment as 6x7's General Counsel and her transgender status. For instance, during trial in San Francisco, Mr. Watters attempted to serve process on Cannon for yet another case on which he is counsel on a case against her, and the trial court admonished Mr.

DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET
ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT

Watters from doing so.  Mr. Watters even maintains a blog on his law firm site, with scandalous and libelous statements about Cannon.

5.      After the San Francisco trial, I appeared on Mr. Watters' Wall of Shame, with him calling me and am described on Mr. Watter's law firm website as follows: : "First chair trial attorney was a media-hungry, attention-seeking lawyer from San Diego named Cris Armenta, who specializes in making a scene and throwing barbs to get people to react."

https://www.andrewwatters.com/hall-of-shame/6x7/   To say that counsel does not believe the veracity of Mr. Watters' various proofs of service and representations to this Court would be a vast understatement.  While these types of absurd statements on Mr. Watters website are of little moment to me, they have had a profound effect on Ms. Cannon and her ability or capacity to deal with any litigation in which Mr. Watters is a participant.  Given that Mr. Watters owed Ms. Cannon a fiduciary duty as General Counsel for her company, and now has actively participated in taking her company apart, attending an eviction (when he was neither a party nor counsel to that proceeding), Mr. Watters has inserted himself into her life, and appears relentless in his drive to cause her harm and take advantage of her.   If Mr. Watters was not an attorney, I would likely seek a declaration of him as a vexatious litigant.  Since he is an attorney, the rules are different, but this also means that he is bound to the ethical rules which govern our conduct, and should be held to the highest of standards.

6.      On April 5, 2023, in yet another case, pending in federal court, Mr. Waters filed an Ex Parte Application for Guardian Ad Litem, claiming that he should take control over litigation "based on her incapacitation."  A true and correct copy of this Ex Parte Application is attached as Exhibit C. As further cringe-worthy, if not outrageous conduct, Mr. Watters declares that Ms. Cannon's legal name is not her legal name, evidencing his apparently fixation with her transgender status.  I am informed and believe that Ms. Cannon's name was legally changed, yet Mr. Watters persists in misgendering her intentionally and challenging her gender, which is just another form of harassment and hurtful transphobia.  Mr. Watters' conduct is revolting and not consistent with the high standards demanded of officers of the Court.  This lapses of ethics and decorum can only be addressed with a robust defense on the merits, which Defendants are

DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT

prepared to mount with my legal representation.  Cannon has also retained two other attorneys who have indicated they are prepared to assist in this case, provided all conflicts are cleared and we are able to remove the default so that the matter can be litigated on its mierits.  We are in the process of clearing conflicts and organizing engagement agreements.

7.     I request that the Court provide Defendants 21 days from the date of the order setting aside a default to file a responsive pleading.  My investigation reveals that Cannon is able to provide evidence that the services rendered to EDJX were delivered to EDJX's satisfaction, but suspended for non-payment.  Unless Mr. Watters voluntarily withdraws (which is highly unlikely, given the multiple litigations he has filed against Cannon), then the Court will receive a Motion to Disqualify.  On the merits, I am informed and believe that Ms. Cannon is prepared and currently able to provide evidence that EDJX received the services for which it contracted, expressed satisfaction with the services, but their services were terminated due to non-payment.  I am also prepared and in possession already of the evidence that the EDJX contract was entered into during a time that Mr. Watters served as General Counsel for 6x7.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and that I executed this Declaration in San Diego, California on May 12, 2023.


*/s/ M. Cris Armenta*
M. Cris Armenta

DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET
ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT

# EXHIBIT A



# Secretary of State
## Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| **Entity Name:** | 6X7 NETWORKS, LLC |
| **Entity No.:** | 201935710041 |
| **Registration Date:** | 12/11/2019 |
| **Entity Type:** | Limited Liability Company - Out of State |
| **Formed In:** | DELAWARE |
| **Status:** | Active |

The above referenced entity is active on the Secretary of State's records and is qualified to transact intrastate business in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may impact status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of November 21, 2022.

**SHIRLEY N. WEBER, PH.D.**
**Secretary of State**

**Certificate No.:**  061298428

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.

# EXHIBIT B

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   WILLIAM E. PALLARES, SB #187740
2    E-Mail: William.Pallares@lewisbrisbois.com
   BRIAN SLOME, SB# 238134
3    E-Mail: Brian.Slome@lewisbrisbois.com
   633 W. 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile:  213.250.7900

6  Attorneys for Cross-Defendants 6x7 Networks, LLC and Benjamin
   Cannon
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11 | 6x7 NETWORKS, LLC, a Delaware limited | Case No. CGC-19-581498
   | liability company,
12 |                                       | **DECLARATION OF LADY BENJAMIN
   |            Plaintiff,                 | CANNON REGARDING MOTION TO
13 |                                       | STRIKE**
   |     vs.
14 |                                       |
   | SUDO SECURITY GROUP, INC., a          | Date:      August 1, 2022
15 | Delaware corporation doing business as| Time:      9:30 a.m.
   | Guardian; STEVE RUSSELL, an individual;| Dept.:     302
16 | SEAN SNYDER, an individual, and DOES 1|
   | through 100, inclusive,               | Action Filed:  December 13, 2019
17 |                                       | Trial Date:    None Set
   |            Defendants.
18 |
   |
19 | AND RELATED ACTION
20

21          **DECLARATION OF LADY BENJAMIN CANNON**

22      I, Lady Benjamin Cannon, declare as follows:

23      1.    The following facts set forth herein are of my own personal knowledge, except

24 those facts stated on information and belief which I believe to be true, and if sworn I could and

25 would competently testify thereto.

26      2.    I am the Chief Executive Offer of Plaintiff/Cross-Defendant 6x7 Networks, LLC

27 ("Plaintiff" or "6x7") and also a party to this action in my individual capacity.  I submit this

28 declaration regarding the Motion to Strike filed by Defendant/Cross-Complainant Sudo Security

1  Group, Inc. ("Sudo").

2      3.      6x7 is a limited liability company formed in the State of Delaware.  6x7 is currently

3  not in good standing in the State of Delaware.

4      4.      6x7 was registered to do business in California as a foreign limited liability

5  company.  The California Franchise Tax Board forfeited 6x7's rights, powers, privileges in

6  California on or about February 1, 2022.

7      5.      Since the filing of this motion and my last declaration of May 3, 2022, wherein I

8  requested a ninety (90) day continuance of this motion, 6x7 filed tax returns for the years 2019,

9  2020 & 2021.  This occurred at or around July 6, 2022.  Further, 6x7 paid its corporate taxes to the

10  State of California Franchise Tax Board.  I am informed and believe that these tax returns were

11  accepted at or around July 7, 2022.

12      6.      I am currently awaiting 6x7's tax returns to be process by the State of California

13  and receipt of a correspondence on whether any additional interest and/or penalties will be

14  assessed.  Should further fees be assessed, 6x7 will proceed to pay them.  Upon doing so, 6x7 will

15  file its revivor paperwork to the Franchise Tax Board.

16      7.      As to the State of Delaware, 6x7 will be paying any outstanding fees.  6x7 priority

17  has been to address the State of California.

18      8.      6x7 respectfully requests that this Court exercise its inherent discretion and

19  continue further the Motion to Strike for an additional sixty (60) days to allow 6x7 the opportunity

20  to hear from the State of California and to pay the State of Delaware outstanding fees, as the

21  process for revivorship has been initiated.

22      9.      As to the State of California, 6x7 is unable to report further as to the status and

23  timing of its revivorship until it receives communications from the Franchise Tax Board.

24  Accordingly, 6x7 is currently in a holding pattern.

25      10.     As previously advised to this Honorable Court, allowing 6x7 to complete its

26  revivorship will allow 6x7 to continue to prosecute the action and defendant against the cross-

27  action and have such matters determined on their merits.

28

1    I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct and that this declaration was executed on this _21st_ th day of July,

3  2022, at San Francisco, California.

4

5                                                                  _Lady Benjamin Cannon, A.S.C.E._

6                                                                  Lady Benjamin Cannon
                                                                   Chief Executive Officer
7                                                                  6x7 Networks

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LADY BENJAMIN CANNON REGARDING MOTION TO STRIKE

# EXHIBIT C

1 | Andrew G. Watters (#237990)
555 Twin Dolphin Dr., Ste. 135
2 | Redwood City, CA 94065
andrew@andrewwatters.com
3 | +1 (415) 261-8527

4

Pro Per

5

6

7

8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

11

12 | ANDREW G. WATTERS,  | Case no: 4:23-CV-01538-DMR

13 |          Plaintiff,  | State court: CGC-20-586215

14 | v.  | **PLAINTIFF'S EX PARTE APPLICATION FOR GUARDIAN AD LITEM FOR DEFENDANT**

15

16 | BENJAMIN P.D. CANNON;
an individual;
17 | 6X7 NETWORKS, LLC, a Delaware
Limited Liability Company;  | Trial date: 4/10/2023

18 | DOES 1 through 10,  | Prior removal: 3:22-cv-02476-AGT

19 |          Defendants.  | Rule 17(c)(2)

20

21

22

23

24

25

26

27

28

## APPLICATION

Pursuant to Rule 17(c)(2) and CCP sec. 373(c) and 372(a)(1), Plaintiff seeks appointment of a guardian ad litem for Defendant Benjamin P.D. Cannon based on her incapacitation.  Ms. Cannon is a lifelong sufferer of autism, which severely impairs her perceptions, and is also untreated for an undetermined mental health condition that has repeatedly resulted in "5150" hospitalizations under state law.  The numerous delusional statements in her notice of removal, which is essentially a screed directed at Plaintiff, also shows that Ms. Cannon is an incompetent person.  Among other issues, she is of the false belief that she deserves to be addressed by her supposed royal title "Lady Benjamin Cannon of Glencoe" and not her legal name. This application for appointment of a guardian ad litem is supported by the Declaration and Memorandum of Points and Authorities below.


Date: November 6, 2022        _Andrew G. Watters_____

                              Andrew G. Watters


## MEMORANDUM OF POINTS AND AUTHORITIES

The Federal courts follow state law in connection with a person's capacity to sue, which is a probate matter-- and the "probate exception" to Federal court jurisdiction does not prohibit a Federal tribunal from adjudicating a peripheral probate issue: "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from

1  endeavoring to dispose of property that is in the custody of a

2  state probate court. *But it does not bar federal courts from*

3  *adjudicating matters outside those confines and otherwise within*

4  *federal jurisdiction.*" Marshall v. Marshall, 547 U.S. 293,

5  311-312 (2006) (emphasis added).  Rule 17(c)(2) applies.

6  In California, a party is incompetent for the purposes of

7  determining necessity to appoint a guardian ad litem if he or she

8  lacks capacity to understand the nature or consequences of the

9  proceeding, or is unable to assist counsel in the preparation of

10  the case. *AT&T Mobility*, *LLC v. Yeager*, 143 F.Supp.3d 1042 (E.D.

11  Cal. 2015).

12  The statutory provisions on representation of insane

13  or incompetent persons are similar to those applicable to

14  infants.  Both groups are regarded by the law as unable to act

15  independently.  Section 372 of the Code of Civil Procedure

16  provides that when a person lacking legal capacity to make

17  decisions or a person for whom a conservator has been appointed

18  is a party, a guardian ad litem may be appointed by the court:

19  "A guardian ad litem may be appointed in any case when

20  it is deemed by the court in which the action or proceeding

21  is prosecuted, or by a judge thereof, expedient to appoint a

22  guardian ad litem to represent the minor, [or the] person lacking

23  legal capacity to make decisions...."  CCP sec. 372(a)(1).

24  An adult is incompetent for purposes of Code of Civil

25  Procedure Sections 372 and 373 if a preponderance of the

26  evidence shows that the individual is either: (1) a person for

27  whom a conservator could be appointed, as set forth by Probate

28  Code Section 1801, or (2) a person who is unable to understand

1  the proceedings or effectively assist his or her attorney in
2  protecting his or her interests.  *Sarracino v. Superior Court*, 13
3  Cal. 3d 1, 11-12 (1974).

4      Evidence of incompetence may be drawn from various sources,
5  but the evidence relied upon must "speak...to the court's
6  concern...whether the person in question is able to meaningfully
7  take part in the proceedings."  *In re Christina B.*, 19 Cal. App.
8  4th 1441, 1450 (1993).  California law adopts a broad view of
9  relevance, emphasizing a trial judge's "duty...to clearly bring
10 out the facts."  *In re Conservatorship of Pamela J.*, 133 Cal.
11 App. 4th 807, 827-28 (2005).  The court's first-hand observations
12 of and interactions with the person may inform a court's
13 decision.  See *Guardianship of Walters*, 37 Cal. 2d 239, 249
14 (1951); see also *In re McConnell's Estate*, 26 Cal. App. 2d 102,
15 106 (1938).

16     CCP sec. 373(c) permits any party to the action to seek
17 appointment of a guardian ad litem.  As is true for appointments
18 for minors, the appointment may properly be made on an ex parte
19 application.  *Sarracino v. Superior Court*, 13 Cal. 3d 1, 12
20 (1974); *Granger v. Sherriff*, 133 Cal. 416, 418 (1901); *Briggs v.
21 Briggs*, 160 Cal. App. 2d 312 (2d Dist.1958).

22     Here, Ms. Cannon is obviously suffering from a mental health
23 crisis.  She is autistic, was "5150'ed" at least three times
24 in 2020, and is not well.  She was squatting in a storage unit
25 at the former location of her business in San Francisco, where
26 she was the subject of an unlawful detainer proceeding and was
27 ultimately evicted.  She has consumed vast legal resources and
28 public safety resources, as well as numerous hours of attorney

1    time, on her various misdeeds, broken promises, and rescheduled

2    meetings, among other things.  This latest removal is the last

3    straw; someone needs to make decisions for her because she is

4    clearly incompetent.

7    Date: April 5, 2023                    *Andrew G. Watters*
                                          _____

8                                              Andrew G. Watters

9                        **DECLARATION OF ANDREW WATTERS**

10   I, Andrew G. Watters, declare:

11       1.    I am an individual above the age of 18 years of age

12   and a Defendant in this case.  I have personal knowledge of the

13   following facts and if called as a witness, I would and could

14   competently attest to the truth of these facts.

15       2.    I filed a state court complaint against Ms. Cannon

16   and her company 6x7 Networks, LLC on or about August 26, 2020

17   asserting fraud, theft, and unpaid wages arising out of my time

18   as a customer of her purported telecom company from 2019 to

19   2020, and briefly as an employee in June/July 2020.  Ms. Cannon

20   answered the complaint on July 29, 2021 after obtaining relief

21   from default.  I document the fraud and Ms. Cannon's various

22   scams in my online Hall of Shame, which is now the top link on

23   Google for Ms. Cannon and 6x7 Networks after the 6x7 website

24   recently went offline without a trace:

25   https://www.andrewwatters.com/hall-of-shame/6x7/

26       3.    As indicated on the web page, Ms. Cannon is engaged

27   in a large wire fraud scam, in which she offers telecom services

28   under her own brand that are drastically different from what

is represented, and which are in large part merely re-sold in violation of the actual providers' terms of service.

4. Ms. Cannon freely states that she is autistic, although this should not be inferred as the cause of her bad behavior.

5. Trial in the State court was originally set for April 4, 2022. Neither defendant appeared. The State court continued the trial to May 4, 2022 so that Defendants' attorney could file a motion to withdraw, which he did. On April 22, 2022, Defendant Ms. Cannon filed a purported notice of removal to Federal court claiming there is diversity of citizenship. However, in the notice of removal, Ms. Cannon admitted residing in California. I also reside in California. Thus, I sought immediate remand in a separate motion for the purpose of proceeding with the State court action, which was granted. Ms. Cannon successfully delayed the trial by a year, as it is now set for April 10, 2023.

6. In addition to autism, Ms. Cannon has a history of "5150"[1] detentions under state law due to grave disability as well as danger to self and others. She was "5150'ed" at least three times in 2020 during the time I was a customer, which caused disruptions to the company's services and email because bills didn't get paid and she was out of contact.

7. Her living and work situations in the same time frame were also great cause for concern. She was stealing substantial

_____
1    Cal. Welfare and Institutions Code sec. 5150.

amounts of electric power from PG&E through an illegal tap that
was also dangerous[2].  There were rats in the work space as well
as a bathtub, bed, and clothing.  She had some type of loft
in the space, where she claimed to have a Barrett .50 caliber
rifle[3].

     8.  Ms. Cannon has made repeated alarming and/or delusional
statements to me, including but not limited to the following:

        a.  That she is a former defense contractor who held
a Top Secret security clearance and participated in various
classified defense programs;

        b.  That she is going to drill a tunnel under San
Francisco Bay using Elon Musk's Boring Company, with $7 million
pledged so far;

        c.  That she wishes to form a private railroad so that
she can become a transit police officer[4] and carry a concealed
weapon throughout the United States;

        d.  That she plans to have a fleet of cable-laying
ships that will travel the world laying fiber cable and double as
private pleasure yachts;

---

[2]  I discovered and documented the illegal power tap in
November 2021 when I attended the eviction of the LLC from the
basement and retail space.

[3]  I am a proud supporter of the Second Amendment, however, Ms.
Cannon is someone who I do not trust with firearms because of her
severe, untreated mental health problems.

[4]  Ms. Cannon has been charged in state court at least once
with impersonating a police officer.  In one case, she pled
no contest to giving a false vehicle registration, apparently
as part of a plea bargain in order to have the impersonation
charge dismissed.  Ms. Cannon has a pending bench warrant in
Sonoma County for environmental crimes arising out of unlawful
contamination of a waterway, among other violations of law.

e.   That her computer systems have been completely compromised by the Russian Federation and she had no idea how to even detect the compromise.

9.   Ms. Cannon also filed a willfully false SAM registration for Federal contracts, in which she falsely certified under penalty of perjury that she was female and entitled to woman-owned small business preferences and set-asides.  As of July 2020 when the SAM registration was filed, Ms. Cannon was biologically male and had not had gender reassignment surgery, nor had she filed a petition for gender change.  She was merely a transvestite, which is not a female-qualifying status under SAM registration regulations.  I know this because Ms. Cannon would deliberately walk around the work space in a bath robe that she occasionally left open in front, and I had to remind her not to expose herself to me.  I filed a complaint with the FBI about the false SAM registration, but there was no action apparently taken.  I am not transphobic; I simply want people to be honest about their gender status and I refuse to use Ms. Cannon's fake royal title.

10.   Based on the foregoing, I am accusing Ms. Cannon of being incompetent and I seek the appointment of a guardian ad litem for her in order for this matter to be handled appropriately.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 5, 2023

_Andrew G. Watters_
_____
Andrew G. Watters

**PROOF OF SERVICE**

**EDJX, Inc. v. 6x7 Networks, LLC; Benjamin P.D., et al.**
**Case No. 3:21-cv-02398-MMC (USDC-Northern)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, 30th Floor, Los Angeles, CA 90067.

On May 12, 2023, I served true copies of the following document(s) described as **DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  On May 12, 2023, I caused a copy of the document(s) to be sent from e-mail address jberk@egcfirm.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2023, at Los Angeles, California.

_____
Jeremy D. Berk

Case No. 3:21-cv-02398-MMC

DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO S ET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT

20

**SERVICE LIST**
**EDJX, Inc. v. 6x7 Networks, LLC; Benjamin P.D., et al.**
**Case No. 3:21-cv-02398-MMC (USDC-Northern)**

Andrew G. Watters, Esq.                    Attorneys for Plaintiff EDJX, Inc., a Delaware
555 Twin Dolphin Drive, Suite135          Corporation
Redwood City, CA 94065-2139
Tel: (415) 261-8527
Email: andrew@andrewwatters.com

Case No. 3:21-cv-02398-MMC

DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF NOTICE OF MOTION AND MOTION TO S
ET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT                                      21