Andrew Watters (#237990)
555 Twin Dolphin Drive, Ste. 135
Redwood City, CA 94065
(415) 261-8527
andrew@andrewwatters.com

Attorney for Plaintiff
EDJX, Inc.

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJX, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>6X7 NETWORKS, LLC. a California limited liability company; BENJAMIN P.D. CANNON, an individual; DOES 1-10,<br><br>　　　　Defendants | Case No.: 3:21-cv-02398<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT<br><br>Date: June 16, 2023<br>Time: 9 A.M.<br>Place: Courtroom 7, 19th Fl. |

## I. INTRODUCTION

Plaintiff opposes Defendants' Motion to Set Aside Entry of Default.

Simply stated, Defendants have avoided all participation until the 11th hour, as is their usual practice. Defendants' unwillingness to participate in this litigation for more than a year has harmed Plaintiff here. There is no good cause to set aside the entry of default. Defendants' Motion is based on irrelevant assertions regarding gender identity and misrepresentations by counsel, all of which are meant to distract the Court from Defendants' fraud, breach of contract, wire fraud and racketeering that gives rise to Plaintiff's Complaint. Additionally, Defendants' Motion is solely based upon material misstatements and omissions by Defendants new counsel, Ms. Cris Armenta, Esq.  Ms. Armenta's misrepresentations are a gross breach of her ethical duties as an attorney in California under Business and Professions Code sec. 6068(d), and her conduct should be sanctioned as such under Rule 11 (subject of a separate motion to be filed). Accordingly, Defendants' Motion to Set Aside Clerk's Entry of Default Judgment should be denied. Additionally, Plaintiff's Motion for Default Judgment by the Court should be reset and scheduled on the docket.

## II. PROCEDURAL HISTORY

On April 2, 2021, Plaintiff filed the Complaint for Fraud, Breach of the Covenant of Good Faith and Fair Dealing, Extortion, Racketeering, Breach of Contract, Declaratory Relief/ Rescission, and Unfair Competition. Plaintiff sought special damages, general damages, punitive damages, attorney fees, pre-judgment interest on all monies paid, treble damages, a permanent injunction to have Ms. Cannon and 6x7 Networks barred from the telecom enterprise under the

Racketeer-Influenced and Corrupt Organizations ("RICO") Law, and costs of suit. Summons were issued against Defendant on April 05, 2021.

After filing the Complaint, Plaintiff attempted to locate and serve the Summons and Complaint upon Defendants. Based on the Proof of Service, the Summons, Complaint and other documents were served upon Ms. Cannon as an individual and as the CEO of 6x7 Networks through substituted service on April 16, 2021.

Having received no Answer from the Defendants, Plaintiff filed a Request for Entry of Default on May 6, 2021 against 6x7 Networks and Ms. Cannon. On May 17, 2021, an Entry of Default was entered by the Clerk of Court. Defendants did not appear. On September 20, 2021, the Court denied Plaintiff's Motion, citing deficiencies in service on Defendants and pleading issues as to the RICO cause of action.

On May 10, 2022, Plaintiff was finally able to personally serve Defendant Cannon. The May, 10, 2022 Service on Defendant Cannon was filed on May 22, 2022. (Docket 34). Defendant Cannon never filed an Answer.

Plaintiff cured the deficiencies of service on Defendant 6x7 and filed an amended complaint on June 17, 2022.

Because Defendant Cannon had already been personally served in this action, and the summons filed, thus comporting with Fed Rules Civ. Proc. Rule 5, on July 13, 2022, Plaintiff served the First Amended Complaint on Defendant Cannon by U.S. mail. Defendant Cannon's Answer was due 21 days later on August 3, 2022. Defendant Cannon never filed an Answer.

On July 22, 2022, Plaintiff filed a Motion to serve Defendant 6x7 Networks, LLC by publication. On August 30, 2022, the Court granted Plaintiff's Motion for Publication or substituted service on the California Secretary of State. On October 7, 2022, Plaintiff served

Defendant 6x7 Networks, LLC by substituted service on the California Secretary of State. The summons was returned executed on October 13, 2022.

Defendant's Answer was due on October 28, 2022. Defendant did not file and answer nor respond in any way to the Amended Complaint.

On February 23, 2022, Plaintiff filed a Request for Entry of Default against Defendants 6x7 Networks, LLC and Ms. Cannon. On February 27, 2023, an Entry of Default was entered by the Clerk of Court. Defendants did not appear.

On April 28, 2023, Plaintiff filed a Motion for Default Judgment against Defendants 6x7 Networks, LLC and Ms. Cannon.

After not appearing in this action for *more than a year*, Defendant Cannon filed her Motion to Set Aside Entry of Default. The Motion is on behalf of Defendant 6x7 Networks, LLC as well.

First, the filing was entirely untimely, as notice of a motion must be made not less than 35 days from the filing date. See Civil L.R. 7-2 "Notice and Supporting Papers". Defendants filed for a hearing with 28 days' notice.

Second, and more egregiously, Defendants' attorney, Ms. Armenta has made multiple false statements of material fact in support of Defendants' Motion to Set Aside. Ms. Armenta *was personally present* at the recent State court trial in another matter involving these same Defendants on April 10-11, 2023, when many of the underlying facts were attested to *by her own clients* as well as Plaintiff's counsel. There is a transcript of the entire trial, which will be submitted with the forthcoming Rule 11 motion. Why Ms. Armenta would choose to misrepresent facts that are readily ascertainable from her own client's testimony, many of which are not even subject to dispute, is simply unknown. In any case, she has a duty to correct the

record and strike her misstatements and omissions. Plaintiff's counsel reached out via email in advance of the Rule 11 motion preparation, but the motion has not been withdrawn or corrected.

A summary of Attorney Armenta's misstatements with Plaintiff's responses and contrary evidence follows (the Declaration of Andrew Watters provides the evidentiary support):

| Attorney Armenta's False Representations and Material Omissions | Plaintiff's Response | Citation to the Record |
|---|---|---|
| **Statement 1:** Omission that Defendant Cannon was personally served in 2022. | Defendant Cannon was personally served on May 10, 2022. She was personally served at the San Francisco Superior Court Civic Center Courthouse and a return of summons was filed. | Service on Defendant Cannon was filed in this matter. See Docket entry 34. |
| **Statement 2:** Plaintiff filed a defective Certificate of Service of the First Amended Complaint on Defendant Cannon and never corrected the defect pointed out by the Magistrate that the initial service of the Summons and Complaint on Cannon was defective, and instead only mail-served the Amended Complaint. | Service via US Mail on Defendant Cannon of the First Amended Complaint was not defective in any way because Defendant Cannon had already been personally served on May 10, 2022 and service of the First Amended Complaint on Defendant Cannon was effected on June 17, 2022, well within the allowed time frame. Fed. R. Civ. P. 5(a)(1)(B), (b)(2). Second, the defect pointed out by the Magistrate was not related to Defendant Cannon, it was regarding Defendant 6x7 Networks. | Service of the First Amended Complaint on Defendant Cannon was filed in this matter on June 17, 2022. Docket entry 42. Service on Defendant Cannon comports with Docket entry 40. See Fed. R. Civ. Proc. 5(a)(1)(B), (b)(2). |
| **Statement 3:** On August 23, 2022, the Court granted Plaintiff leave to serve Cannon via Publication (Dckt 44); On August 30, 2022, the Court granted Plaintiff leave to serve 6x7 via publication, requiring Plaintiff to either serve the Secretary of State or to serve via publication. (Dckt 48) | First, on August 3, 2022, the Court granted Plaintiff leave to file a supplemental motion to serve Defendant 6x7 Networks, LLC via Publication as Defendant Cannon had already been served. Second, there was no August 23, 2022 order. | Docket 44 is an August 3, 2022 order where the Court granted Plaintiff leave to file a supplemental motion to serve Defendant 6x7 Networks, LLC via Publication. Docket 48 is the order granting Plaintiff leave to serve 6x7 Networks, LLC. |
| **Statement 4:** During the recent State court trial, Mr. Watters offered testimony that he was a client of 6x7, that he was engaged as its General Counsel, and that he obtained a Power of Attorney to act on behalf of Cannon during a time that she was hospitalized and unable to attend to business. | Mr. Watters actually testified under oath that he was a telecom customer/victim of 6x7 (not relevant to this case), that he was an employee of 6x7 Networks, LLC as Chief Legal Officer for 42 days, that he was defrauded by these same Defendants, and that he had a limited co-power of attorney with Kar Dhillon for a brief hospital stay | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion. |

| | | |
|---|---|---|
| | due to Defendant Cannon's incapacitation at that time. | |
| **Statement 5:** Mr. Watters appears to be making the rounds and finding anyone affiliated with Cannon and filing suit against her, as a result of some non-specific agenda arising from his former employment as 6x7's General Counsel and her transgender status. | Mr. Watters has been contacted by prospective clients who were also victims of Defendants' fraud to represent them against Defendants, including EDJX and Benicia Harbor Corp.  Both clients found Mr. Watters because of his Hall of Shame web page about Defendants. The gender status of Defendant Cannon is completely irrelevant. | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion. |
| **Statement 6:** Mr. Watters attempted to serve process on Cannon for yet another case on which he is counsel on a case against her, and the trial court admonished Mr. Watters from doing so. | Mr. Watters was not admonished by the Court.  The Court simply asked Mr. Watters to wait until after Ms. Cannon's examination, which he di. Service of process is allowed at any place and time, and Ms. Cannon is a hard-serve due to her homelessness and erratic behavior. | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion. |
| **Statement 7:** Mr. Watters even maintains a blog on his law firm site, with scandalous and libelous statements about Cannon. | Mr. Watters maintains a Hall of Shame web page with Defendants and various other bad actors. There is nothing scandalous or libelous about Defendant Cannon's section of the Hall of Shame. The statements are 100% accurate and 100% fair to her.  She has also never attempted to file suit related to the statements. | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion. |
| **Statement 8:** On April 5, 2023, in yet another case, Mr. Watters filed an Ex Parte Application for Guardian Ad Litem, claiming that he should take control over litigation "based on her incapacitation." | Mr. Watters stated that the Court in that matter should appoint a guardian ad litem (not Mr. Watters) to  take control over Defendant Cannon's frivolous litigation. This was simply based on Mr. Watters's reasonable belief at the time. As that matter was dismissed without any hearing, and Attorney Watters had subsequently seen Defendant Cannon testify at trial, showing some degree of competency, it is irrelevant to the matters here. | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion.<br><br>Declaration in support of default judgment was prepared/signed after the State court trial, showing at least the minimal degree of competency required to sustain a default judgment. |
| **Statement 9:** Mr. Watters declares that Ms. Cannon's legal name is not her legal name, evidencing his apparently fixation with her transgender status. | Mr. Watters went out of his way at the State court trial to ask what Defendant Cannon's preferred name was. Additionally, Defendant Cannon's title of "Lady" is not a real title, as it is from the purchase of one square foot of land in | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion. |

| | | |
|---|---|---|
| | Scotland to get a novelty title. No person reasonably believes the "title" to be anything more than lighthearted fun. | |
| **Statement 10:** In addition, our investigation reveals that the EDJX contract was signed during the time period that Attorney Watters served as General Counsel to 6x7. | The Memorandum of Understanding for Plaintiff and Defendants was signed in January of 2020. Further, the contracts at issue were signed and went into effect July 27, 2020. Mr. Watters was only an employee of Defendant 6x7 Networks, LLC from June 1, 2020 to July 12, 2020. This was testified to at the Trial to which Attorney Armenta represented Defendants. Attorney Watters was not Chief Legal Officer at any time during the actual contract between Plaintiff and Defendants. | State Court trial transcript, citation to be provided in forthcoming Rule 11 motion. |

Setting aside Ms. Armenta's misstatements of fact, Defendants also utterly fail to show good cause as to why the Entry of Default should be set aside. This is an absolute requirement.

### III.    ARGUMENT

#### A. Legal Standard

As Defendants cited, the relevant legal standard is the "Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." Fed Rules Civ. Proc. 60(b)(1).

#### B. Defendants Fail to Make Any Arguments Under the Relevant Legal Standard

First, Defendants don't argue the failure to participate here was due to any mistake by Defendants. Second, Defendants don't argue the failure to participate here was due to any inadvertence by Defendants. Third, Defendants don't argue the failure to participate here was due to any surprise by Defendants. Fourth, Defendants don't argue the failure to participate here was due to any excusable neglect by Defendants. Defendants don't make any argument based on

Fed Rules Civ. Proc. 60(b)(1), which they, themselves, state is the legal standard here. Instead, Defendants' counsel cites flimsy excuses such as allegations on information and belief of "litigation abuse," however, those claims fall apart at even a cursory view. Defendants counsel raises issues of conflicts that were already addressed in this matter back in September of 2021, claiming these are new issues. Defendants' argument is simply based on the material misstatements and omissions by Defendants' own counsel. Plaintiff's status as a former customer of, and victim of Defendants' fraud, is not relevant to the case at hand.

### C. Defendant Raises Issues to Distract From Their Complete Failure to Participate

What is fascinating here is that, rather than try to state facts to justify their lack of participation in this matter for more than a year, Defendants raise this Court's awareness to numerous other lawsuits against Defendants for Defendants' fraud. This only serves to bolster Plaintiff's First Amended Complaint as evidence of Defendants' ongoing fraud and racketeering enterprise. Defendants implausibly try to claim that all the cases against them are based on "transphobia" rather than address the fact that there are multiple lawsuits against Defendants because Defendants have *continuously defrauded customers*. There's also a paper trail of Defendants' fraud. Defendants seem to believe that if they raise the irrelevant claim of "transphobia" they can distract the Court from the very real history of Defendants' fraudulent business practices and Defendants' willful failure to participate in this matter.

### D. Defendant Cannon Was Personally Served More Than a Year Ago

Defendants don't even bother to explain why Defendant Cannon has not participated in this matter despite being personally served more than a year ago and being aware of this matter as early as April of 2021, shortly after it was filed. Since the onset, Defendants have been avoiding service, prolonging and unnecessarily increasing the costs of litigation. Plaintiff was

forced to spend countless hours attempting service on Defendants. Finally, Defendant Cannon was personally served on May 10, 2022 and Defendant 6x7 Networks, LLC was served via service on the California Secretary of State on October 7, 2022. As previously stated, Defendants do not address the willful lack of participation by Defendants for more than a year prior to Defendants' filing of this motion. Defendant Cannon was to file an Answer months ago, yet has refused to. It is an insult to this court's intelligence to now claim Defendant Cannon wants to participate in this matter.

### E. Plaintiff's Motion for Default Judgment by the Court Should Be Reset

Defendants' Motion was filed and served without proper Notice. Defendants fail to raise any reason as to why they have utterly failed to participate in this litigation. Defendants' counsel instead focuses on baseless accusations in a blatant attempt to disparage Plaintiff's counsel. Further, Defendants' counsel supported this motion with material misstatements of fact and material omissions that expose her and her client to Rule 11 Sanctions. Defendants make no real factual contentions that support their motion. Defendants' Motion should be denied in its entirety. Accordingly, Plaintiff's Motion for Default Judgment by the Court should be reset and scheduled on the docket.

## IV.   CONCLUSION

For the forgoing reasons, Defendants' Motion to Set Aside Clerk's Entry of Default Judgment should be denied. Additionally, Plaintiff's Motion for Default Judgment by the Court should be reset and scheduled on the docket.

Dated: May 26, 2023

*Andrew G. Watters*
_____
Andrew G. Watters, Esq.
Attorney for Plaintiff EDJX, Inc.