IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJX, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>6X7 NETWORKS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02398-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT; VACATING HEARING** |

    Before the Court is defendants 6x7 Networks, LLC ("6x7 Networks") and Benjamin P.D. Cannon's ("Cannon") Motion, filed May 12, 2023, "to Set Aside Clerk's Entry of Default Judgment."[1] Plaintiff EDJX, Inc. ("EDJX") has filed opposition.[2] Defendants did not file a reply.[3] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for June 16, 2023, and rules as follows.

    In its operative complaint, the First Amended Complaint filed June 17, 2022, EDJX

---

[1] As the Clerk of Court has not entered default judgment, the Court construes defendants' filing as a motion to set aside the default entered by the Clerk on February 27, 2023.  (See Doc. No. 55.)

[2] EDJX failed to provide the Court with a courtesy copy of its opposition and the declaration filed in support thereof.  Nonetheless, the Court has considered those documents.  For future reference, EDJX is reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

[3] Pursuant to the Civil Local Rules of this District, a reply was due no later than June 2, 2023.  See Civil L. R. 7-3(c) (providing reply to opposition must be filed no later than 7 days after opposition is due).

asserts seven Causes of Action against 6x7 Networks, six of which are also asserted against Cannon, 6x7 Network's Chief Executive Officer. EDJX's claims arise from its allegations that it was fraudulently induced to enter into a contract with 6x7 Networks, under which agreement 6x7 Networks was to provide telecom services to EDJX, and that, after an agreement was executed, 6x7 Networks failed to provide the promised services.

On February 27, 2023, the Clerk of Court, upon request by EDJX, entered defendants' defaults (see Doc. No. 55), Cannon having been served on May 10, 2022,(see Doc. No. 34) and 6x7 Networks having been served on October 7, 2022, (see Doc. No. 49), and neither defendant having appeared in the above-titled action as of the date EJDX sought entry of default. See Fed. R. Civ. P. 12(a)(1)(A) (providing defendant must respond to complaint "within 21 days after being served with the summons and complaint"). By the instant motion, defendants argue the default should be set aside.

A district court "may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default, a "district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default." See O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994). This "test" is "liberally applied" in favor of the defendant, as "judgment by default is a drastic step appropriate only in extreme circumstances." See United States v. Signed Personal Check No. 730 of Yurban S. Mesle (hereinafter, "Mesle"), 615 F.3d 1085, 1091 and n.1 (9th Cir. 2010) (internal quotation and citation omitted).

Here, EDJX asserts it has been "harmed" by "[d]efendants'" failure "to participate in this litigation for more than a year." (See Pl.'s Opp. at 2:6-7.) Although a delay of such length is not insignificant, EDJX has not identified any "tangible harm" it would suffer if the defaults were set aside. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (holding, "to be considered prejudicial," delay caused by defendant's failure to respond to complaint "must result in tangible harm such as loss of evidence,

2

increased difficulties of discovery, or greater opportunity for fraud or collusion") (internal quotation and citation omitted).

Accordingly, the first factor weighs in favor of setting aside the default.

Next, the Court considers whether defendants, in support of their motion, have set forth facts that, if true, would constitute a defense to the claims asserted against them. See Mesle, 615 F.3d at 1094 (holding defendant satisfies "meritorious defense" requirement by "alleg[ing] sufficient facts that, if true, would constitute a defense").  In that regard, defendants rely on a declaration from their counsel, who states "Cannon is prepared and currently able to provide evidence that EDJX received the services for which it contracted, expressed satisfaction with the services, but their services were terminated due to non-payment" (see Armenta Decl. ¶ 7), and that defendants are prepared to file a responsive pleading to so respond to EDJX's claims.  The Court finds defendants' showing at this stage of the proceedings is sufficient to identify a cognizable defense.  See Mesle, 615 F.3d at 1094 (describing defendant's burden of alleging cognizable defense as "of [a] minimal nature").

Accordingly, the second factor weighs in favor of setting aside the default.

Lastly, with regard to whether the default was the result of culpable conduct, defendants, as EDJX points out, fail to explain why Cannon waited over a year to participate in the instant matter and 6x7 Networks waited a number of months.  As the Ninth Circuit has explained, however, "a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as an intention to take advantage of the [plaintiff], interfere with judicial decisionmaking, or otherwise manipulate the legal process."  See Mesle, 615 F.3d at 1092.  Here, even assuming, arguendo, defendants made a conscious decision not to appear in the instant action on a timely basis, there is no evidence suggesting defendants acted in bad faith in doing so.

Accordingly, the third factor weighs in favor of setting aside the default.

//

As each of the above-referenced factors weighs in favor of affording defendants the requested relief, the motion is hereby GRANTED, the defaults are hereby SET ASIDE, and defendants are hereby DIRECTED to file, no later than twenty-one days from the date of this order, their responses to the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: June 12, 2023

MAXINE M. CHESNEY
United States District Judge